BAIRD *v.* ROGERS.

(*Knoxville.*    November 2, 1895.)

1. GARNISHMENT.  *Of municipal corporation.*

Doctrine reaffirmed that municipal corporations are exempt from garnishment process to reach the fees or wages due to their officers or employes for services.  (*Post, pp. 493, 494.*)

Cases cited and approved: Bank *v.* Dibrell, 3 Sneed, 379; Memphis *v.* Laski, 9 Heis., 511; Parsons *v.* McGavock, 2 Tenn. Ch., 582; 25 Iowa, 315; 3 Col., 411.

2. SAME.  *Same.*

An officer or employe of a municipal corporation may invoke the rule that protects it from garnishment for fees or wages due its officers or employes for services.  (*Post, p. 494.*)

3. SAME.  *Same.*

One who has obtained a judgment against a municipal corporation for services rendered by him while an officer or employe thereof, cannot insist on an exemption of such judgment from garnishment proceedings where he has ceased to be such officer or employe and the town waives its privilege of exemption. (*Post, pp. 494–496.*)

Case cited and approved: Bilbo *v.* Allen, 4 Heis., 31.

FROM CAMPBELL.

Appeal from Chancery Court of Campbell County. H. B. LINDSAY, Ch.

Baird *v.* Rogers.

J. E. JOHNSON for Baird.

S. I. ROGERS for Rogers.

BEARD, J.   Complainant is a judgment creditor of defendant, Rogers, and filed this bill to reach the proceeds of a decree which the latter had obtained against his co-defendant, the incorporated town of Jellico.   This decree was the result of a litigation which involved certain emoluments or fees that accrued to Rogers during his term of service as Recorder of the municipality, and it was for the balance found due to him on this account.   At the time of filing the bill in the present cause, he was no longer an officer of the corporation.

Rogers filed an answer, in which, among other defenses, it was urged that this claim or decree was protected from the reach of complainant under the rule announced by this Court in *Bank* v. *Dibrell*, 3 Sneed, 377, and *Memphis* v. *Laski*, 9 Heis., 511. The corporation answered, admitting that Rogers had obtained the decree in question, and expressing its willingness to satisfy it by payment to him, or to the complainant, as his creditor, as the Court might direct.

The Chancellor granted all the relief which was asked in the bill, and, among other things, subjected the decree in question to complainant's claim.   The defendant, Rogers, appealed, and the Court of Chancery Appeals has pronounced a decree reversing the Chancellor on this point.   The complainant has ap-

pealed from this last decree, and assigns errors on this finding.

The same public policy which secures a State from being harassed by litigants who seek to subject the fees due its officers or employes, will also protect a municipal corporation from like imposition. *City* v. *Laski, supra; Parsons* v. *McGavock*, 2 Tenn. Ch., 582. And it may be taken for granted that this rule of exemption may be invoked by the employe, when his creditor seeks to reach his salary or emoluments, as readily as by the corporation itself.

In the words of this Court in *Bank* v. *Dibrell*, 3 Sneed, 379: "It would be embarrassing generally, and, under some circumstances, might prove fatal to the public service, to allow the means of support of the servants of the government," to be diverted by creditors, through the process of attachment or execution, from their legitimate object. This consideration would induce the Courts to put in operation this rule of exemption, whether invoked by the municipal master or its servant. This being so, neither could waive the protection of this rule so as to bind the other.

But the defendant, Rogers, is no longer an employe of the town of Jellico. His official connection with it had been determined long prior to the filing of complainant's bill. The efficiency of corporate service no longer depends upon the security of fees or emoluments from the reach of his creditors. Not only this, but he had assumed a position of hostility to his former employer, and had been en-

gaged in litigation with the municipality with regard to his claim. This being so, it is difficult to conceive what public policy, so far as he is concerned, would be violated, in subjecting this asset (the corporation not objecting) to the payment of his just debts. Especially is this so since his original demand has been merged in and extinguished by his judgment or decree. 1 Freeman on Judgments, Sec. 215; *Bilbo* v. *Allen*, 4 Heis., 31.

Thus, Rogers is no longer a claimant of fees earned by him as recorder. He is now a judgment creditor. As such, he is entitled to no special privileges. Whatever of exemption may have inhered in his original claim has been lost in this new and radically different form, which it has assumed at his instance, and as the result of hostile litigation instituted by him. He stands now on the same level with creditors of the corporation whose judgments rest on general indebtedness. And, as to one of these, we do not think it could be maintained that he could successfully insist upon this exemption for his protection in the event an effort was made to reach his judgment by one of his creditors. It may be that the corporation might do so for its own relief, upon the authority of the cases before referred to, but, if so, it is clear that this right would be one personal to it, and one which the defendant debtor could not call into activity, of his own motion, for his own defense. Drake on Att. (5th Ed.), Sec. 658c. And it is equally clear, on

Baird *v.* Rogers.

principle and authority, that the corporation, in such a case as the present, may waive its privilege of exemption and submit itself to garnishee process. *Clapp* v. *Walker*, 25 Iowa, 315; *Board of Com.* v. *Bond*, 3 Col., 411; Drake on Att. (5th Ed.), Sec. 516*b*. This has been done in the case at bar.

We therefore think the Court of Chancery Appeals was wrong in holding that complainant could not avail himself of this waiver, and, to this extent, the decree of that Court is reversed. In other respects it is affirmed.