Southwestern S. L. & B. Ass'n v. Brd. of Comrs., 22 N. M. 607.

[No. 1916.   June 28, 1917.]

# SOUTHWESTERN SAVINGS LOAN & BUILDING ASS'N OF LAS VEGAS v. AWALT (BOARD OF COM'RS OF CURRY COUNTY et al., Garnishees.)

## SYLABUS BY THE COURT.

1.   Under the provisions of chapter 26, Laws 1915, district courts are authorized to summon public officials as garnishees.

.P. 610

2.   Where the term of office of a county officer has expired, salary due him by the county may be subjected to garnishment, where the creditor has reduced his demand to judgment.

P. 612

Appeal from District Court, Curry County; McClure, Judge.

Action by the Southwestern Savings Loan & Building Association of Las Vegas against Arthur L. Awalt, in which the Board of County Commissioners of Curry County and another were summoned as garishees.   From judgment for plaintiff, defendant appeals.   Affirmed.

W. A. Gillenwater of Clovis for appellant.

The act of March 22, 1915, insofar as it applies to salaries of public officers is unconstitutional and void.
Sec. 22, Art. 6 State Const.; State Prison v. Day, 46 L. R. A. (N. S.) 295; King v. Hunter, 65 N. C. 603; Reid v. Smoulter, 5 L. R. A. (Pa.) 517; C. 86 and C. 12, L. 1915; Sec. 30, Art. 4, State Const.
Except as otherwise provided, the salary of a public officer is not subject to garnishment, on the ground of public policy.
Pitard y. Cary, 1 McGlain (La.) 289; 20 Cyc. 1030-1031, and authorities there cited; 12 R. C. L. p. 802, Sec.

32; 24 Cent. Dig. Tit. "Garnishment," Sec. 63; 17 A. & E. Ann. Cas. 525, case note; Troy Laundry Co. v. Denver, 53 p. 256; Lewis v. Denver, 48 p. 317; Sheppard v. Cape Girardeau, I. S. W. (Mo.) 305; Sanger v. City of Waco, 40 S. W. (Texas) 549; Highland v. Galveston, Tex. App. Civ. Cas. Sec. 623; Roesch v. Worthen, 130 S. W. (Ark.) 551; Dickenson v. Johnson, 54 L. R. 9. 566, note; Bank v. Ball, 46 Atl. (Del.) 751; Lodor v. Baker, 39 N. J. L. 49; Baird v. Rogers, 32 S. W. (Tenn.) 630; Herring-Hall-Marvin Co. v. Rexar Co., 16 Tex. Civ. App. Duval Co. v. Charlestown Lbr. & Mfg. Co., 3 A. & E. Ann. Cas. (Fla.) 174; Manwell v. Grimes, 149 (Okla.) 1182; Hawthorn v. City of St. Louis, 11 Mo. 60; Moscow v. Hdw. Co., 158 Fed. 199; Buchanan v. Alexander, 11 U. S. (L. Ed.) 957; Heilbronner v. Posey, 45 S. W. (Ky.) 505; Pres. etc., Farmers' Bank v. Ball, 46 A. 751; Buck v. Guarantors' Liability Indemnity Co. of Penn., 34 S. E. 950; Blair v. Mayre, 80 Va. 485.

The salary of a public officer is not a "debt."

20 Cyc. 1000; Rood on Garnishment, 149-150; Bouvier's Law Dict. "Debt"; Rood on Garnishment, Sec. 118; Hugg & Bell v. Booth & Porter, 24 N. C. 229; Cook v. Walthall, 20 Ala. 334; Walke v. McGhee, 11 Ala. 273; McDonald v. State, 50 N. W. 186; Indep. Filter Co. v. Hilbig, 163 Ill. App. 16; Buchanan v. Alexander, 11 U. S. (L. E.) 857; Lewis v. City of Denver, 48 Pac. 318.

Henry G. Coors, Jr., of Albuquerque, for appellee.

The record does not show that appellant was a public officer at the time the writ was issued, hence he is entitled to no exemption. Unless he were a public officer at the time the reason for the rule allowing an exemption did not exist.

18 Cyc. 1434, et seq.

## OPINION OF THE COURT.

ROBERTS, J. This action was instituted in the district court of Curry county by the appellee against the appellant, Arthur L. Awalt, on a deficiency judgment rendered in one of the district courts of this state in favor of the appellee and against the appellant. Concurrently with

the filing of the complaint, appellee filed its application
for a writ of garnishment, stating that the garnishees, the
board of county commissioners of Curry county and R. E.
Brown, tax collector of said county, were jointly indebted
to the defendant, Awalt, and had in their hands and pos-
session effects and moneys belonging to him.   Writ was
issued and served upon the garnishees, directing them to
answer in what sum, if any, they were indebted to the said
Awalt, and what effects belonging to him they had in their
possession when the writ was served.   The board of county
commissioners answered that at the time of filing their an-
swer and at the time the said writ of garnishment was
served upon them they were indebted to the defendant
Awalt, in the sum of $2,262.15.   Appellant answered the
complaint and application for the writ of garnishment, ad-
mitted the rendition of the judgment, and denied the right
of the plaintiff to garnish the funds in the hands of the
garnishees "and due unto the defendant by reason of the
salary due the defendant from said Curry county."   The
answer also denied the right of the appellant to maintain
garnishment proceedings after admitting that there was
due him from Curry county an unknown sum "as his cur-
rent wages for salary as county clerk."   Appellee filed a
reply to the answer.   The plaintiff moved to strike para-
graph 2 of defendant's answer, on the ground that the
same was not the allegation or averment of a fact, but
was merely a conclusion of law, and that the same was irre-
levant and redundant.   The court sustained the motion,
and thereafter rendered judgment on the pleadings against
appellant and the board of county commissioners.   Prior
to the rendition of the judgment it appears that W. A.
Gillenwater, an attorney at law answering for Mr. James
A. Hall, attorney for appellant, stated:

"The defendant, A. L. Awalt, did not have any defense to
the cause of action of plaintiff, and did not intend nor desire
to make any defense to the said cause of action of plaintiff,
and did not intend nor desire to make any defense thereto,
nor oppose the claim of plaintiff."

Judgment was apparently rendered upon the pleadings

and in view of this statement of counsel. To review the action of the lower court this appeal is prosecuted.

Appellee filed a motion to dismiss the appeal, on the ground that the judgment from which it was taken was entered by the trial court by the consent of appellant, and therefore all errors were waived. Appellant meets this proposition by first contending that the appeal could not be dismissed, because an appeal is allowed by statute from all final judgments ,and further, assuming the statement, quoted supra, constituted a consent of the appellant to the entry of the judgment, it is unavailing here, because the trial court was without jurisdiction of the subject-matter. We will dispose of the case on the merits, however, because our conclusion in that regard will likewise dispose of the contentions urged under the motion.

[1] Appellant contends that, because the money due him was salary owing him by the county for services as county clerk, under the holding of this court in case of Owen v. Terrell, 162 Pac. 171, the court was without jurisdiction to entertain the garnishment proceedings to subject such salary to the payment of the judgment sued upon. In that case we held that it was well settled at common law that salaries, fees, or other compensation due public officers or employes could not be reached and subjected by their creditors to the payment of their debts in attachment or garnishment proceedings. . There is one very important distinction, however, between that case and the one now under consideration. Here the pleadings in no wise disclose that appellant was acting as county clerk and still in office at the time the suit was instituted. It is asserted in the brief of counsel for appellee, and not denied by appellant, that at the time this suit was insituted appellant was not county clerk of Curry county, but that he had been removed by proceedings instituted in the district court of Curry county. However, that may be, the answer of the appellant alleged that the money sought to be reached by garnishment was earned as salary as county clerk, but fails to allege that he was still in office at the time of the institution of the suit. Hence the question presented is whether or not the court had jurisdiction to entertain proceedings in

JANUARY TERM, 1917. 611

Southwestern S. L. & B. Ass'n v. Brd. of Comrs., 22 N. M. 607.

garnishment for the purpose of reaching moneys due the appellant from Curry county, earned by him as salary as a public official, where his term had expired, or he had ceased to be a public official, at the time of the institution of the suit. In determining this question two propositions are involved: First, whether or not the court had jurisdiction to entertain a proceeding to reach, by garnishment, funds in the hands of the county owing by it to the defendant; second, was the salary earned by Awalt, as county clerk, subject to garnishment when he was no longer in office? As to the first proposition this court said, in the case of Dow v. Irwin, 21 N. M. 576, 157 Pac. 490, L. R. A. 1916E, 1153, that:

"Public policy forbids that officers of a county should be required to litigate such questions with private parties, with whom they have no concern, and prosecute appeals at the expense of the county to the court of last resort, in order to definitely settle the question of the liability of the county, or incur liability upon their official bonds for the wrongful diversion of county funds."

In other words, it was held in that case that, in the absence of legislative authorization, public policy forbade the garnishment of money due the creditors of the county, whether the remedy by which it was sought to reach such funds was denominated legal or equitable. Since that case arose, however, the Legislature of the state, by chapter 26, Laws of 1915, amended the garnishment statute and provided:

"In all cases where the plaintiff has a judgment in some court of the state against the defendant any public officer may be summoned as garnishee."

This section of the statute disposes of the contention based upon the Dow-Irwin Case, for express authority is given to summon a public official as garnishee. The Legislature having declared that public officers may be summoned as garnishees in their official capacity, and thereby having fixed the public policy of the state in that regard, the court had jurisdiction to summon the garnishees in this case.

[2] A more serious question is presented, however, by the second proposition. In the case of Owen v. Terrell, as stated, this court held that salaries, fees, or other compensation due public officers or employes could not be reached by their creditors in attachment or garnishment, upon the ground that to allow attachment or garnishment in such cases was against public policy, as tending to injure the public service, and that, while the statute above quoted permitted the summoning of the public officials as garnishees in their official capacity, it did not expressly or impliedly authorize the garnishment of current salary due a public official. This case is distinguishable from the Owen-Terrell Case, because there Owen was still in office when the suit was instituted. Hence the question here is, Awalt not being in office at the time suit was filed, does he come within the rule of the Owen-Terrell case? In 18 Cyc. p. 1435, in discussing the question, it is said:

"A person who has ceased to be an officer or employe of the government cannot insist upon this exemption given to a public officer, for in such case public policy no longer requires it."

The reason for the rule which exempts the salary of the public official from garnishment advanced by the better reasoned cases is:

"That the salary of a public officer is a provision made by law for his maintenance and support during his term, to the end that, without anxiety concerning his means of subsistence, he may be able to devote himself entirely to the duties of his office, and the public thus have full benefit of his knowledge and ability in the services he is selected to render, and that, if he could be deprived of his means of support by the garnishment of his salary, presumptively his efficiency as an officer would be impaired, if not destroyed, and the public interest would suffer serious detriment." 12 R. C. L. 803.

In the case of Baird v. Rogers, 95 Tenn. 492, 32 S. W. 630, the court, after giving adherence to the rule that the salary of a public official was not subject to garnishment, on the ground of public policy, because of the reason above stated herein, upheld the right to garnish the salary of a municipal officer where his term had expired, saying:

"But the defendant, Rogers, is no longer an employe of the town of Jellico. His official connection with it had been determined long prior to the filing of complainant's bill. The efficiency of corporate service no longer depends upon the security of fees or emoluments from the reach of his creditors."

The reason for the rule being as above stated in the quotation from R. C. L., certainly the appellant is not within the rule, for, not being in office at the time the proceedings were instituted, no detriment to the public would be occasioned by subjecting the money due him by the county to garnishment. He stands on the same footing as any ordinary creditor, and the only obstacle in the way to the garnishment of the money due him having been removed by legislative enactment, above quoted, the court had jurisdiction to entertain the proceedings and properly entered the judgment against the county.

For the reasons stated, the judgment will be affirmed; and it is so ordered.

HANNA C. J., and PARKER, J., concur.

