B. T. Dickens *et al. v.* Bransford Realty Co.

(*Nashville.* December Term, 1918.)

1. **GARNISHMENT. Property subject to. Salary of railroad employee.**
The salary of an employee of a railroad corporation being operated by the United States government under Act. Cong. March 21, 1918 (U. S. Comp. St. 1918, sections 3115¾a-3115¾p), is not subject to garnishment. (*Post, pp.* 388-390.)

Cases cited and approved: Moore v. Mayor, etc., Chattanooga, 55 Tenn., 850; Board of Directors v. Bodkin Bros., 108 Tenn., 700; Baird v. Rogers, 95 Tenn., 492.

Cases cited and distinguished: Bank of Tennessee v. Dibrell, 35 Tenn., 379; City of Memphis v. Laski, 56 Tenn., 511.

2. **RAILROADS. Governmental agencies.**
Under Act Cong. March 21, 1918 (U. S. Comp. St. 1918, sections 3115¾a-3115¾p), and under previous statutes and a proclamation of the President, the railroads of the country are merely agencies or instrumentalities of the United States government. (*Post, pp.* 390, 391.)

3. **GARNISHMENT. Municipalities. Govermental Agencies.**
It is the settled policy of the state to hold immune from garnishment all municipalities and other governmental agencies. (*Post, p.* 391.)

FROM DIVIDSON.

Appeal from the Circuit Court of Davidson County. to the Court of Civil Appeals, and by *certiorari* to the Court of Civil Appeals from the Supreme Court.—Hon. Harry A Luck, Special Judge.

Keeble & Seay and A. W. Stockell, for plaintiff.

W. E. Norvell, Jr., for defendants.

· Mr. Justice Green delivered the opinion of the Court.

This suit was brought by the Bransford Realty Company, a creditor of B. T. Dickens, to subject the salary of the latter in the hands of his employer, Nashville Terminals, as garnishee, to the payment of the Realty Company's claim.

Nashville Terminals is a railroad corporation, handling the terminal business of the Nashville, Chattanooga & St. Louis Railway, and the Louisville & Nashville Railroad Company in Nashville, and said Terminals is and was at the time of this suit, being operated by the United States government.

The sole question presented is as to the liability of a railroad corporation operated by the government to be subjected to process of attachment and garnishment by a creditor of one of its employees.

The trial court held that such garnishment proceedings might be maintained, and rendered judgment accordingly. The court of civil appeals likewise reached this conclusion, but held that execution upon such judgment could not be issued while the defendant was being operated by the United States government.

Both parties have brought the case to this court by petitions for *certiorari,* complaining of the judgment of the court of civil appeals, in so far as adversely affected.

We are of opinion that garnishment proceedings cannot be maintained against such a defendant, under such circumstances, in this jurisdiction at least.

This court held long since that the comptroller of the State might not be garnished by a creditor of a State

employee, to subject the salary of the latter. *Bank of Tennessee* v. *Dibrell,* 3 Sneed (35 Tenn.), 379.

Later it was declared that the same rule applied to garnishments against municipal corporations, arms, or agencies of the State, to subject the salaries of their employees. *City of Memphis* v. *Laski,* 9 Heisk. (56 Tenn.), 511, 24 Am. Rep., 327; *Baird* v. *Rogers,* 95 Tenn., 492, 32 S. W., 630.

In *Bank of Tennessee* v. *Dibrell,* supra, the court, speaking of such garnishments, said: "Every consideration of policy would forbid it. No government can sanction it. It would be very embarrassing generally, and, under some circumstances, might prove fatal to the public servce, to allow the means of support of the servants of the government to be intercepted in the hands of distributing agents. If the funds of the government, thus specifically appropriated for the support and maintenance of its agents, were allowed to be divested by process of attachment, in favor of creditors, or otherwise, from their legitimate object, the functions of the government might be suspended."

In *City of Memphis* v. *Laski,* supra, quoting from the supreme court of Illinois, in *Merwin* v. *City of Chicago,* 45 Ill., 134, 92 Am. Dec., 204, it was said:

"The city should not be subjected to this species of litigation, no matter what may be the character of the indebtedness. If we hold it must answer in all these cases, and the exemption from liability to be allowed to depend in each case upon the character of the indebtedness, we shall leave it liable to a vast amount of litigation in which it has no interest, and obliged to spend the money of the people and the time of its officials in the

management of matters wholly foreign to the object of its creation. A municipal corporation cannot be properly turned into an instrument or agency for the collection of private debts. It exists simply for the public welfare, and cannot be required to consume the time of its officers or the money in its treasury in defending suits in order that one private individual may the better collect a demand due from another.''

The court has likewise held that the funds of a municipal corporation in the hands of a third person might not be subjected to garnishment by a creditor of the municipality. *Moore* v. *Mayor, etc., Chattanooga,* 8 Heisk. (55 Tenn.), 850; *Board of Directors* v. *Bodkin Bros.,* 108 Tenn., 700, 69 S. W., 270.

The principle seems to be that this court will not permit any obstruction of the financial administration of government. It will not permit any interference with the collection of its funds by a governmental agency nor with the disposition of such funds by a governmental agency.

The case of *Board of Directors* v. *Bodkn Bros.,* supra, dealt with an attempt to attach the funds of the St. Francis levee district, which was a public corporation, clothed with governmental duties and functions, organized under the laws of Arkansas, with a office in the city of Memphis.

So, it will be seen that this court has extended the same immunity against proceedings by garnishment to agencies of other governments that it extends to agencies of the government of the State of Tennessee.

Under Public Act No. 107 of the Sixty-Fifth Congress, approved March 21, 1918 (Act March 21, 1918, chapter 25, 40 Stat. 451 [U. S. Comp. St. 1918, sections 3115¾a-

3115¾p]), and under previous statutes and the proclamation of the President, the railroads of the country, including the defendant Nashville Terminals, are now merely agencies or instrumentalities of the United States government.

While it is true Public Act No. 107 of the Sixty-Fifth Congress above referred to, very broadly authorized suits against such common carriers, still their liability to suit is not greater than that of the various municipal corporations of this State. Such liability, however, should be confined to their own creditors. Since it is the settled policy of this State to hold immune from garnishments all municipalities and other governmental agencies, we think such protection must be accorded to defendant Nashville Terminals, as it is now operated.

Moreover, section 10 of the Act of Congress above referred to (U. S. Comp. St. 1918, section 3115¾j), expressly provides that "no process, mesne or final, shall be levied against any property under such federal control," and this would doubtless preclude proceedings by attachment and garnishment.

We have not had occasion to consider in this opinion the effect of General Order No. 43, promulgated by the Director General of Railroads September 5, 1918, which undertook to exempt carriers under federal control from proceedings by garnishment; however, as stated heretofore under our previous decisions, we think such carriers so operated are freed from such process.

It results that the judgment of the lower court will be reversed, and this suit dismissed.