HOME OWNERS' LOAN CORPORATION *v.* HARDIE & CAUDLE.

(*Jackson,* April Term, 1936.)

Opinion filed July 6, 1936.*

*Designated for Publication on Jan. 12, 1937.

J. W. Byrns, Jr., and Roy A. Miles, both of Nashville, for plaintiff in error.

M. B. Harris and J. R. Scott, both of Chattanooga, for defendant in error.

Mr. Justice Cook delivered the opinion of the Court.

The parties are designated as in the trial court. The appellant, Hardie & Caudle, recovered a judgment against R. C. O'Rear, an employee of defendant Home Owners' Loan Corporation. The execution issued against O'Rear on behalf of Hardie & Caudle, plaintiffs, was levied by garnishment upon defendant, his employer. The defendant pleaded immunity from suit. It averred that it was an instrumentality of the United States government not subject to garnishment for the debt of its employee. The trial judge overruled the plea, entered a conditional judgment, and defendant appealed.

It is insisted that the judgment should be reversed and the proceeding dismissed for reasons of public policy that forbid suits against the state or federal government, or their instrumentalities, in the absence of statutory authority. It is said the right of subjecting defendant to garnishment is not to be derived from authority of any statute of this state nor from any act of Congress. In the absence of statutory authority, the state and its agencies are not subject to garnishment. *Baird* v. *Rogers*, 95 Tenn., 492, 32 S. W., 630. Statutory authority lacking, the immunity extends to the agencies of

other governments. *Board of Directors* v. *Bodkin Bros.,* 108 Tenn., 700, 69 S. W., 270; *Dickens* v. *Bransford Realty Co.,* 141 Tenn., 387, 210 S. W., 644.

By the greater weight of authority, general provisions of a statute, such as section 8946 of the Code, authorizing garnishment of persons, do not apply to the federal and state governments or their officers or agencies, such as counties, cities, and boards and commissions intrusted with administration of governmental affairs. A distinction has been taken in cases against governmental agencies wherein the state divested itself of its character of sovereign and descended to the common level of a commercial and economic adventurer. Vol. 2, Rose's Notes, 180; *White* v. *Railroad,* 7 Heisk., 518; *Fields* v. *Wheatley's Creditors,* 1 Sneed, 351, 354.

In the latter class of cases, where the sovereign divested itself of the attributes of government and descended to the level of trafficker in private affairs under the guise of a public corporation, it was held that the government could not abandon its assumed character and seek immunity under the cloak of government.

The result of this appeal is dependent upon whether the defendant is a governmental agency, and if so, whether Congress, by the act of its creation, subjected it to judgment and execution. The character of defendant and the manner and purpose of its formation are shown by agreed facts. The corporation was created under an act of Congress (48 Stat., 128 [see 12 U. S. C. A., sec. 1421 et seq.]) amending the Federal Home Loan Bank Act (see 12 U. S. C. A., sec. 1421 et seq.). Pursuant to the amendment, a corporation was organized and the Secretary of the Treasury, on behalf of the United States, subscribed for all the capital stock. Un-

der the act all funds are required to be kept on deposit in the Treasury of the United States and salaries of employees are paid by warrants drawn by the treasurer of the corporation upon the Treasurer of the United States. The object of the corporation, so it is declared by the act, is to engage in governmental emergency financial relief to prevent the loss of encumbered homes of citizens of the United States. To accomplish that purpose, loans are made on mortgaged homes and bonds guaranteed by the United States are delivered to the mortgagee in satisfaction of the debt. The act known as the Home Owners' Loan Act of 1933 (see 12 U. S. C. A., sec. 1461 et seq.), among other things, provides: "Sec. 4. (a) The Board is hereby authorized and directed to create a corporation to be known as the Home Owners' Loan Corporation, which shall be an instrumentality of the United States, which shall have authority to sue and to be sued in any court of competent jurisdiction, Federal or State, and which shall be under the direction of the Board and operated by it under such by-laws, rules, and regulations as it may prescribe for the accomplishment of the purposes and intent of this section." 12 U. S. C. A., sec. 1463 (a).

In *Federal Land Bank* v. *Priddy,* 295 U. S., 229, 55 S. Ct., 705, 79 L. Ed., 1408, 1411, the court said the Federal Land Banks are instrumentalities of the federal government, engaged in the performance of an important governmental function. By reference to the Home Owners' Loan Act of 1933 and the objects to be accomplished through the Home Owners' Loan Corporation, it must be concluded that the defendant is a governmental agency similar in character and purpose to the Federal Land Bank.

In *Federal Land Bank* v. *Priddy,* the court said the question of whether or not the Federal Land Bank, an instrumentality of the federal government, was subject to suit and judicial process, and the extent to which it was answerable was a question of congressional intention. Considering the provision permitting the Federal Land Bank to sue and to be sued "as fully as natural persons" and construing that provision in connection with others of the act, the court held that it was intended by Congress that the Federal Land Bank should be subject to judicial process by attachment, at least insofar as the process of attachment would not directly interfere with any function of the Land Bank as a federal instrumentality.

 The same intent cannot be derived from the act of Congress creating the Home Owners' Loan Corporation. Unlike the Federal Land Bank, none of the stock of the Home Owners' Loan Corporation is issued to private individuals. The defendant has no property that can be subjected to execution, attachment, or garnishment for the reason that all its funds are in custody and under the control of the Treasurer of the United States. The salaries of the employees of the Home Owners' Loan Corporation are payable by warrants upon the United States Treasury.

In *Dickens* v. *Bransford Realty Co., supra,* it was declared to be the policy of the state to hold immune from garnishment all governmental agencies; and that rule was applied in denying the right of garnishment to enforce a judgment against an employee of the Nashville Terminal Company while under control of the United States government under the War Emergency Act of Congress (Act March 21, 1918, 40 Stat. 451). Referring

to a provision of the act that broadly authorized suit against common carriers while operated by the government, the court said liability to suit was limited to creditors of the railroad and the right to sue generally could not be construed as a waiver of the recognized immunity of public instrumentalities from the process of garnishment.

The Home Owners' Loan Act discloses neither an express nor implied intention to subject the Home Owners' Loan Corporation to garnishment. The process could not reach funds in the Treasury of the United States, and none elsewhere are shown to be available.

Reversed and dismissed.