(No. 2865— )

E. LLOYD, DOING BUSINESS AS MERCHANTS FREIGHT LINES, FOR USE OF JAMES O'DONNELL TEAMING COMPANY, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed March 11, 1941.*

STERNBERG & STERNBERG, for claimant.

GEORGE F. BARRETT, Attorney General; MURRAY F. MILNE, Assistant Attorney General, for respondent.

Mr. Justice Linscott delivered the opinion of the court:

The complaint herein alleges in substance that during the months of August and September, 1935, the claimant, James O'Donnell Teaming Company, as a sub-contractor of E. Lloyd doing business as Merchants Freight Lines, did certain hauling for the Illinois Emergency Relief Commission, for which there became due and owing to said James O'Donnell Teaming Company the sum of $76.54; that the said E. Lloyd has left the jurisdiction without paying claimant; that there is enough money on hand at the Illinois Emergency Relief Commission to the credit of E. Lloyd doing business as Merchants Freight Lines, to pay for the services of the claimant, but that the Illinois Emergency Relief Commission has refused to pay said claim without the approval of a proper court; that an attachment suit was commenced in the Municipal Court of Chicago and dismissed, and that claimant's only remedy is in this court.

The Attorney General has entered a motion to dismiss the claim for the following reasons:

1. The court has no jurisdiction of such claim.
2. That claimant seeks in effect to make the respondent a garnishee.
3. That the claimant has a complete and adequate remedy at law.

It is not clear from the complaint why the garnishment proceeding in the Municipal Court was dismissed, nor is it clear from the complaint whether the claimant seeks an order of this court directing the Illinois Emergency Relief Commission to pay the amount alleged to be due the beneficial claimant, or whether said claimant seeks an award by this court to be paid by an appropriation made by the Legislature in the usual course of procedure.

The services rendered by the beneficial claimant were not pursuant to any contract between it and the Illinois Emergency Relief Commission, but were rendered by said claimant as a sub-contractor for Lloyd, who had a contract with the Illinois Emergency Relief Commission, and the beneficial claimant herein seeks to subject the funds in the hands of the Illinois Emergency Relief Commission to the payment of its claim against Lloyd. It follows therefore, that regardless

of the form of this proceeding, it is in effect an attempt to hold the Illinois Emergency Relief Commission as garnishee.

The general rule in cases of this kind is set forth in 28 Corpus Juris, page 64, section 80, as follows:

"In the absence of express provision to the contrary, no sovereign government will be deemed to be included in the provisions of statutes prescribing who may be made garnishee. Accordingly, as a general rule, garnishee process can reach neither the Federal Government, nor a State, nor a territory. This exemption is sustained also by considerations of public policy."

In the case of *Home Owners Loan Corporation* vs. *Hardie and Caudle*, 100 S. W. (2d) 238, the Supreme Court of Tennessee held that the Home Owners Loan Corporation was an instrumentality of the federal government and therefore not subject to garnishment. There can be no question but what the Illinois Emergency Relief Commission is an instrumentality of the State Government and therefore exempt from garnishment. If an instrumentality of the State Government such as the Illinois Emergency Relief Commission is not subject to garnishment directly, it cannot be subjected to such proceedings indirectly, as is sought to be done in this case.

This court has only such jurisdiction as is given to it by the Legislature, and there is nothing in the Court of Claims Act which authorizes this court to grant the relief sought in this proceeding.

The remedy of the claimant is against the person with whom it contracted, to wit, E. Lloyd, doing business as Merchants Freight Lines.

The motion of the Attorney General must therefore be sustained.

Motion to dismiss allowed. Case dismissed.