### FLETCHER v. JONES et al.
### No. 7135.

United States Court of Appeals for the District of Columbia.

Decided April 10, 1939.

---

[6] 83 Congressional Record, 75th Cong., 3d Sess., No. 95, p. 8586 (advance pamphlet).

Edmond C. Fletcher, of Washington, D. C., pro se.

Harvey D. Jacob, of Washington, D. C., for appellees.

Before MILLER, EDGERTON, and VINSON, Associate Justices.

MILLER, Associate Justice.

Appellant's claim to the real property involved in this case is based upon a deed to him from Edna L. McCutchen, dated November 10, 1936. In his bill he alleged the execution by McCutchen, also, of a deed of trust dated January 22, 1934, in which legal title to the same property was conveyed to Trustees Jones and Frizzell— appellees herein—to secure payment of a note executed on the same day to the Home Owners' Loan Corporation, but that the conveyance was ineffective because upon investigation he discovered that " * * such alleged Home Owners' Loan Corporation was not a body corporate, either de jure or de facto, on January 22, 1934, * * * that such alleged Home Owners' Loan Corporation is not now, and never has been, an existing corporation, either de jure or de facto, and has never been authorized, by law, to enter into any contract with the said Edna L. McCutchen, as aforesaid, or to transact any business whatever * * *." And he alleged as a conclusion from the foregoing and other allegations in his bill, " * * * that as a consequence thereof the beneficiary or cestui que trust, named in the aforesaid deed of trust * * * is non-existing either in fact or in law." He prayed (1) that a decree be issued establishing his rights and declaring a resulting trust in his favor; (2) that the deed of trust be declared revoked; (3) for an accounting of moneys received as rents, issues and profits; (4) for an injunction restraining the trustees from selling or dealing with the property described in the bill, and (5) for the appointment of a receiver. This appeal is from the order of the lower court dismissing the bill.

The theory of appellant's alleged cause of action, as revealed by the bill, seems to be that the trust declared by the deed of trust failed for lack of a beneficiary because the beneficiary named therein was without legal existence; and that this resulted from the failure of the officers of the Federal Home Loan Bank Board " * * * to take any steps whatever to procure from any State of the Union, or the District of Columbia, or from the Congress of the United States, any corporate charter for the Home Owners' Loan Corporation *as required by law;* * * *" [Italics supplied] This quoted allegation is twice repeated, in slightly dif-

ferent form, at other points in the bill of complaint.

The pertinent section of the Home Owners' Loan Act of 1933[1] is set out in appellant's bill and we reproduce it in the margin.[2] It shows on its face that the law did not require the Board to proceed in the manner suggested by him. The allegation quoted constituted a conclusion of law.[3] The correctness of such a conclusion is not admitted by a motion to dismiss,[4] especially when, as here, its incorrectness is clearly revealed by the very statute from which the conclusion purports to be drawn.[5]

Congress has at different times adopted various methods for creating federal or government corporations. In some instances it has directed or authorized administrative boards or officials to secure charters from states or from the District of Columbia.[6] But this has been by no means the only method. In some cases it has created corporations by its own acts.[7] In others it has authorized the President to create them, or to procure their creation.[8] The method provided by the present Act was that the Federal Home Loan Bank Board should itself create the Home Owners' Loan Corporation. This, too, is a method which has been commonly used by Congress in the past.[9]

■ There is no more virtue in the act of corporate creation when performed by a

---

[1] 48 Stat. 128, 12 U.S.C.A. § 1461 et seq.

[2] Sec. 4. "(a) The [Federal Home Loan Bank] Board is hereby authorized and directed to create a corporation to be known as the Home Owners' Loan Corporation, which shall be an instrumentality of the United States, which shall have authority to sue and to be sued in any court of competent jurisdiction, Federal or State, and which shall be under the direction of the Board and operated by it under such bylaws, rules, and regulations as it may prescribe for the accomplishment of the purposes and intent of this section. The members of the Board shall constitute the Board of Directors of the Corporation and shall serve as such directors without additional compensation." 12 U.S.C.A. § 1463.

[3] Nortz v. United States, 294 U.S. 317, 324, 325, 55 S.Ct. 428, 79 L.Ed. 907, 95 A.L.R. 1346; Hazen v. National Rifle Ass'n of America, 69 App.D.C. 339, 101 F.2d 432, 434.

[4] Newport News Shipbuilding & Dry Dock Co. v. Schauffler, 303 U.S. 54, 57, 58 S.Ct. 466, 82 L.Ed. 646; Pacific States Box & Basket Co. v. White, 296 U.S. 176, 185, 56 S.Ct. 159, 80 L.Ed. 138.

[5] Pennie v. Reis, 132 U.S. 464, 470, 10 S.Ct. 149, 33 L.Ed. 426. See also, Finney v. Guy, 189 U.S. 335, 343, 344, 26 S.Ct. 558, 47 L.Ed. 839.

[6] For example, the Emergency Fleet Corporation was to be incorporated under the laws of the District of Columbia by the United States Shipping Board as directed by act of Congress. Act of September 7, 1916, 39 Stat. 728, 731.

[7] Examples of the use of this method are numerous: Inland Waterways Corporation, Act of June 3, 1924, 43 Stat. 360, 49 U.S.C.A. § 151; War Finance Corporation, Act of April 5, 1918, 40 Stat. 506, 15 U.S.C.A. § 331; Federal Savings and Loan Insurance Corporation Act of June 27, 1934, 48 Stat. 1256, 12 U.S.C.A. § 1725; Reconstruction Finance Corporation, Act of January 22, 1932, 47 Stat. 5, 15 U.S.C.A. § 601; Disaster Loan Corporation, Act of February 11, 1937, 50 Stat. 19, 15 U.S.C.A. § 605k—1; Federal Deposit Insurance Corporation, Act of June 16, 1933, 48 Stat. 168, 12 U.S.C.A. § 264; Textile Foundation, Act of June 10, 1930, 46 Stat. 539, 15 U.S.C.A. § 501; Federal Farm Mortgage Corporation, Act of January 31, 1934, 48 Stat. 344, 12 U.S.C.A. § 1020.

[8] Thus, the Federal Prison Industries, Inc. was to be incorporated by executive order, pursuant to the provisions of the Act of June 23, 1934, 48 Stat. 1211, 18 U.S.C.A. § 744i. Under the Act of May 16, 1918, 40 Stat. 550, 551, the President was authorized to create housing corporations. Likewise, under the Act of August 10, 1917, 40 Stat. 276, and the Act of June 16, 1933, 48 Stat. 195, 15 U.S.C.A. § 702. The President was authorized to establish and create corporations in order effectively to carry out the provisions of the respective acts. See generally, Van Dorn, Government Owned Corporations (1926).

[9] Thus, under the Federal Farm Loan Act of July 17, 1916, 39 Stat. 360, Federal Land Banks were to be duly incorporated by the making and filing of an organization certificate with the Federal Farm Loan Board. Federal Intermediate Credit Banks are created by a similar procedure. Act of March 4, 1923, 42 Stat. 1454, 12 U.S.C.A. §§ 1021, 1026.

state legislature, or by an officer of a state or of the District of Columbia under a general law, than when the ceremony is performed by a governmental officer or agency, specially designated by Congress for that purpose. That is what occurred in the present case. Congress provided the name of the corporation, designated its board of directors, specified its powers, and directed the Board to create it.[10]

The law presumes that the officers of the Board performed the duty imposed by the Act.[11] In the absence of any proper allegation to the contrary there is no reason why we should inquire further.[12] The duty imposed upon the officers of the Board in this case was to *create* a corporation, not to procure from some other sovereign a charter for that purpose. Subjected to this analysis, therefore, it is obvious that appellant's bill does not deny the performance of the duty imposed by the Act, but, instead, denies performance of duties imposed by no law.

Moreover, the truth of the allegations in the bill was not admitted by the motion to dismiss in this case because they were in conflict with facts judicially known to the court.[13] Performance of the duty specified by the Act appears affirmatively in the present case. We take judicial notice[14] of the fact that the Federal Home Loan Bank Board issued a charter to the Home Owners' Loan Corporation, immediately after the Act was approved in June, 1933;[15] organized the corporation and began its work six months prior to the transaction with Edna L. McCutchen, which occurred in January, 1934. These official acts have been recorded in the records and reports of the Board, which are public documents and to which reference

[10] Section 4, Act of June 13, 1933, 48 Stat. 129, 12 U.S.C.A. § 1463.

[11] Gonzales v. Ross, 120 U.S. 605, 622, 7 S.Ct. 705, 30 L.Ed. 801; United States v. Chemical Foundation, Inc., 272 U.S. 1, 14, 47 S.Ct. 1, 71 L.Ed. 131; Klamath Indians v. United States, 296 U.S. 244, 253, 56 S.Ct. 212, 80 L.Ed. 202; Philadelphia & Trenton R. Co. v. Stimpson, 14 Pet. 448, 458, 10 L.Ed. 535.

[12] R. H. Stearns Co. v. United States, 291 U.S. 54, 63, 54 S.Ct. 325, 329, 78 L.Ed. 647: "No doubt the presumption of regularity is subject to be rebutted. It stands until dislodged."

Under the same Act, National Agricultural Credit Corporations were to be created by the Comptroller of the Currency, 42 Stat. 1461, 12 U.S.C.A. § 1171. National Banks are incorporated by filing an organization certificate with the same official. Act of June 3, 1864, R.S. §§ 5133–5136, 12 U.S.C.A. §§ 21–24. The Federal Home Loan Bank Board is authorized to organize, incorporate, and issue charters to "Federal Savings and Loan Associations." Act of June 13, 1933, 48 Stat. 128, 132, 12 U.S.C.A. § 1464. Production Credit Corporations, Banks for Cooperatives, and a Central Bank for Cooperatives were authorized to be created by the Governor of the Farm Credit Administration. Act of June 16, 1933, 48 Stat. 257, 12 U.S.C.A. §§ 1131, 1134, 1134f.

[13] Greeson v. Imperial Irr. Dist., 9 Cir., 59 F.2d 529, 530.

[14] See Southern Pac. R. Co. v. Groeck, C.C.S.D.Cal., 68 F. 609, 612; United States v. Williams, D.C. Ind., 28 Fed. Cas. 635, No. 16,706; Hiatt v. United States, 7 Cir., 4 F.2d 374, 376, certiorari denied 268 U.S. 704, 45 S.Ct. 638, 69 L. Ed. 1167; First Nat. Bank v. Walker, 27 Idaho 199, 204, 148 P. 46, 48. Cf. Chas. C. Steward Mach. Co. v. Davis, 5 Cir., 89 F.2d 207, 210, affirmed, 301 U. S. 548, 57 S.Ct. 883, 81 L.Ed. 1279, 109 A.L.R. 1293; Verde River Irr. & Power Dist. v. Salt River Valley Water Users' Ass'n, 9 Cir., 94 F.2d 936, 941; Lyons Milling Co. v. Goffe & Carkener, Inc., 10 Cir., 46 F.2d 241, 246, 83 A.L.R. 501.

[15] First Annual Report of the Federal Home Loan Bank Board (transmitted to the Speaker of the House of Representatives on January 30, 1934), p. 47: "Report of the Federal Home Loan Bank Board on the Operations of the Home Owners' Loan Corporation. The Home Loan Bank Board begs leave to report that immediately after the Home Owners' Loan Corporation Act was signed June 13, 1933, this Board issued a charter to the Home Owners' Loan Corporation, organized the corporation and began the work of building the structure to afford the relief to distressed home owners designed by the President, at whose request Congress enacted the law." See Greeson v. Imperial Irr. Dist., 9 Cir., 59 F.2d 529, 531.

properly may be made for this purpose, even though formal proof thereof was not made in the court below.[16]

The creation and legal existence of the Home Owners' Loan Corporation has been referred to and noticed by courts on a number of occasions,[17] most recently by the Supreme Court itself in Graves v. New York ex rel. O'Keefe, 59 S.Ct. 595, 596, 83 L.Ed. 927.[18] Congress has recognized the existence of the Home Owners' Loan Corporation as its creature in several instances; and has appropriated vast sums of money to be expended by it.[19] In the face of these facts appellant's contention is entirely lacking in merit.

We have carefully considered his other contentions and find them equally without merit.

Affirmed.

---

[16] See United States v. Teschmaker, 22 How. 392, 405, 16 L.Ed. 353; Jones v. United States, 137 U.S. 202, 214–216, 11 S.Ct. 80, 34 L.Ed. 691; Knight v. United States Land Ass'n, 142 U.S. 161, 169, 12 S.Ct. 258, 35 L.Ed. 974; New York Indians v. United States, 170 U.S. 1, 32, 18 S.Ct. 531, 42 L.Ed. 927; Caha v. United States, 152 U.S. 211, 221, 14 S.Ct. 513, 38 L.Ed. 415.

[17] See Ruth v. Home Owners' Loan Corp., 67 App.D.C. 288, 92 F.2d 212; Kay v. United States, 303 U.S. 1, 58 S.Ct. 468, 82 L.Ed. 607; Gill v. Reese, 53 Ohio App. 134, 4 N.E.2d 273, 274; Home Owners' Loan Corp. v. Hardie & Caudle, 171 Tenn. 43, 45, 100 S.W.2d 238, 239, 108 A.L.R. 702; Pennell v. Home Owners' Loan Corp., D.C. Me., 21 F.Supp. 497.

[18] "The Home Owners' Loan Corporation was created pursuant to § 4 (a) of the Home Owners' Loan Act of 1933, 48 Stat. 128, 12 U.S.C. § 1461 et seq., which was enacted to provide emergency relief to home owners, particularly to assist them with respect to home mortgage indebtedness. The corporation, which is authorized to lend money to home owners on mortgages and to refinance home mortgage loans within the purview of the Act, is declared by § 4 (a), to be an instrumentality of the United States. Its shares of stock are wholly government-owned. § 4 (b). Its funds are deposited in the Treasury of the United States, and the compensation of its employees is paid by drafts upon the Treasury."

[19] Act of April 27, 1934, 48 Stat. 643; Act of June 27, 1934, 48 Stat. 1246, 1263; Act of May 28, 1935, 49 Stat. 293, 296; Act of March 16, 1939, H. R. 3743, 76th Cong., 1st Sess., pp. 25–26, chapter 11, 53 Stat. 524.