## UNITED STATES ex rel. FLETCHER v. FAHEY et al.

### No. 7568.

United States Court of Appeals for the District of Columbia.

Argued Dec. 12, 1940.

Decided Feb. 24, 1941.

Petition for Rehearing Denied March 19, 1941.

Motion to Vacate Opinion and Judgment Denied April 10, 1941.

Edmond C. Fletcher, of Washington, D. C., pro se.

Harvey D. Jacob and E. K. Neumann, both of Washington, D. C., for appellees.

Before GRONER, Chief Justice, and LUHRING and O'DONOGHUE, United States District Judges sitting by assignment.

GRONER, C. J.

R.S. § 5438[1] made it a crime to present false claims against the United States, and by the terms of R.S. §§ 3490, 3491, and 3493,[2] any person may institute an action in a District Court, on behalf of the United States, against the wrongdoer, to recover a penalty and double the damages sustained, one half of which the informer may keep for himself.

Appellant brought this action in the court below against John H. Fahey and others, who at the time in question were either members or executive officers of the Federal Home Loan Bank Board, to recover

---

[1] Now reproduced in amended form in 18 U.S.C.A. § 80, cf. United States ex rel. Kessler v. Mercur Corp., 2 Cir., 83 F.2d 178, certiorari denied 299 U.S. 576, 57 S.Ct. 40, 81 L.Ed. 424.

[2] 31 U.S.C.A. §§ 231, 232, 234.

400 million dollars, plus a penalty of $34,000, because of their acts in the following circumstances. § 4(a) of The Home Owners' Loan Act of 1933,[3] authorized and directed the Federal Home Loan Bank Board "to create a corporation to be known as the Home Owners' Loan Corporation, * * * which shall have authority to sue and to be sued in any court of competent jurisdiction, Federal or State". The complaint charges that certain of the defendants, acting as members of the Board, "misconceiving themselves to be a Sovereign power, from which all corporate franchises flow, spread upon the records of said Board" a paper purporting to be a charter of the Home Owners' Loan Corporation; that their action in this respect was beyond any power committed to them by the Act or by any statute of the United States; that, having taken this illegal action, they then transmitted to the Secretary of the Treasury a copy of the resolution, represented to him that the corporation was a bona fide and existing body corporate with a capital stock of 200 million dollars, called on him to subscribe on behalf of the United States for all of "such purported capital stock of said pretended corporation", and demanded and received from the Treasury of the United States from time to time various sums of money aggregating 200 millions in payment for the stock.

■ This brief narrative is sufficient to show that the purpose of the suit is to recover on behalf of the United States double the amount of money paid for stock of the Home Owners' Loan Corporation, on the theory that there is no such legal corporation and that the money had been secured by the false and fictitious claim of the defendants that the corporation had been properly and legally incorporated. The trial court dismissed the complaint on the authority of Fletcher v. Jones, 70 App. D.C. 179, 105 F.2d 58, certiorari denied 308 U.S. 555, 60 S.Ct. 116, 84 L.Ed. 467.

In this court appellant contends that it takes the act of a sovereign power to create a corporation, that the statute does not authorize the Board to issue a charter, and that the Board could create the Home Owners' Loan Corporation only by obtaining a charter from the District of Columbia or some state.

We find no merit in the contention and think the lower court was quite correct in holding the case controlled by the Jones decision. There the same plaintiff as here sought to recover possession of realty on a resulting trust, on the ground that the beneficiary in a deed of trust was the Home Owners' Loan Corporation, which it was alleged did not exist. We examined the statute and held that Home Owners' Loan Corporation had been properly organized according to law and had complete corporate existence. We now adhere to all that we said there.

■ Appellant also argues that the complaint could not be "dismissed" without the written consent of the judge and of the United States Attorney, required by R.S. § 3491 before actions of this nature, once filed, may be "withdrawn or discontinued". This point, too, we think without merit. The action of the court was on a motion to dismiss for failure to state a cause of action. This was a proper defense, and the prohibitions of the statute were intended to reach a wholly different situation.

Affirmed.

---

[3] 48 Stat. 129, 12 U.S.C.A. § 1463(a).