Affirmed in part and reversed and remanded in part.

FEDERAL SAVINGS & LOAN INS. CORPORATION et al. v. THIRD NAT. BANK IN NASHVILLE.

Nos. 10047, 10048.

Circuit Court of Appeals, Sixth Circuit.

Feb. 9, 1940.

Raymond Denney, of Nashville, Tenn., and Ray E. Dougherty, of Washington, D. C. (Farmer, Denney & Leftwich, of Nashville, Tenn., and Harold Lee, of Washington, D. C., Maddin, Bailey & Powell, of Nashville, Tenn., and R. O. Barnett, of Baltimore, Md., on the brief), for appellants.

John J. Hooker, of Nashville, Tenn. (E. J. Walsh, of Nashville, Tenn., on the brief), for appellee.

Before SIMONS and ALLEN, Circuit Judges, and FORD, District Judge.

FORD, District Judge.

This case was dismissed by the District Court for want of jurisdiction. The only point of controversy upon this appeal is

whether the plaintiff, Federal Savings & Loan Association, an instrumentality of the United States, may institute and maintain this action in the Federal Court.

The plaintiff invokes Federal jurisdiction upon three independent grounds, viz:

I. That plaintiff is a corporate instrumentality of the Government of the United States incorporated by an Act of Congress "wherein the Government of the United States is the owner of more than one-half of its capital stock." 28 U.S.C.A. § 42.

II. That the Act of Congress by and under which the plaintiff was created conferred Federal jurisdiction by express grant. 12 U.S.C.A. § 1725(c) (4).

III. That this is a suit of a civil nature where the matter in controversy exceeds, exclusive of interest and costs, the sum or value of $3,000, and arises under the laws of the United States. 28 U.S.C.A. § 41(1) (a).

Let us first consider whether upon the face of the complaint the claim, as such, considered apart from the facts involved under grounds "I" and "II", arises under the laws of the United States, within the meaning of section 1(a) of the Judiciary Act of 1875, 28 U.S.C.A. § 41(1) (a), for, if the case so arises, plaintiff's contentions in support of grounds "I" and "II," for present purposes are superfluous.

Following the traditional policy of the National Government to clothe certain of its activities in corporate form when employment of the corporate device is more advantageous for practical purposes than the use of conventional executive agencies, by the Act of June 27, 1934, known as the "National Housing Act," 48 Stat. 1246, 1265, 12 U.S.C.A. §§ 1724–1731, Congress created the plaintiff, Federal Savings & Loran Insurance Corporation, as a corporate instrumentality of the United States and imposed upon it the duty to insure the accounts of all Federal Savings and Loan Associations having unimpaired capital, safe financial policies for economical home financing consistent with the purposes of the Act, upon proper application for such insurance and agreement to the terms and conditions prescribed by the Act.

The complaint shows that at the time here involved the accounts of the Fidelity Federal Savings & Loan Association of Nashville, Tenn., an institution organized under the provisions of the "Home Owners' Loan Act of 1933," 48 Stat. 128–135, 12 U.S.C.A. § 1464, were insured by the plaintiff, and that from its organization in May, 1937, until about February 1, 1941, Virgil Hall was secretary and treasurer of the Association which "had its chief bank account" with the defendant Third National Bank in Nashville, a national banking institution located at Nashville, Tenn.

The complaint, as amended, further alleges, in substance, that between the time of the organization of the Association and February 1, 1941, pursuant to a fraudulent arrangement with the treasurer of the Association, Virgil Hall, the defendant Bank made unauthorized fraudulent and illegal charges against the bank account of the Association and thereby unlawfully converted funds of the Association aggregating $32,056.35 and wrongfully applied the same in satisfaction of Hall's personal indebtedness to- the Bank; that in furtherance of the fraudulent scheme to so misapply the Association's funds, from time to time, when plaintiff's examiners were engaged in making lawful examinations as to the assets and affairs of the Association, the defendant Bank, for the purpose of deceiving the plaintiff and influencing its action, fraudulently concealed its misapplication and misappropriation of the funds of the Association by making false statements to the plaintiff's examiners in respect to the status of the accounts of the Association with the Bank; that by reason of such wrongful acts the capital of the Association became impaired; that in observance of the duty imposed upon plaintiff by the National Housing Act to prevent default by the Association, and in the exercise of the discretion conferred by the Act to preserve normal operations of the insured institution as well as to protect itself as its insurer, the plaintiff restored the capital of the Association by advancing to it the amount so wrongfully converted by the defendant; and in consideration thereof the Association assigned and transferred to the plaintiff all its claims and rights of action against the Bank on account of the wrongful acts alleged.

The National Housing Act created the plaintiff as a corporate expedient to carry out useful and important governmental functions, established a complete system for its government and control and prescribed the scope and nature of its duties. The Act also contains provisions designed to safeguard its assets and the public funds

which it is authorized to administer. Section 512 of the Act, as amended, 52 Stat. 24, 25, 12 U.S.C.A. § 1731, contains numerous provisions making the commission of acts, which would be detrimental and injurious to the Federal Savings and Loan Insurance Corporation, criminal offenses. Among them is the provision that "Whoever, * * * for the purpose of influencing in any way the action of the said Corporation under this chapter, makes, passes, utters, or publishes, or causes to be made, passed, uttered, or published, any statement, knowing the same to be false, * * * shall be punished by a fine of not more than $5,000, or by imprisonment for not more than two years, or both." Section 512(e), as amended, 52 Stat. 25, 12 U.S.C.A. § 1731(e).

Obviously an important purpose of this statute is to protect the Federal Savings & Loan Insurance Corporation from misrepresentations and misstatements designed to defeat prompt discovery by its examiners of fraudulent or unlawful conduct detrimental to the Corporation.

The views expressed by the District Court [60 F.Supp. 110, 116], that "The purpose of the statute in question is to place a criminal penalty upon the commission of certain acts, and does not purport to confer jurisdiction upon the United States court to try any civil action arising out of the violation of the statute" and " * * * the alleged acts complained of are purely of a local nature and plaintiff's rights, if any, are fully governed by the common law and the laws of the State of Tennessee relating to conversion and fraud and deceit" seem to entirely overlook the fact that, regardless of the laws of the state or the common law, this Act clearly and emphatically evidences the National policy to safeguard the Insurance Corporation by Federal laws to which the Corporation may resort for protection and relief from such fraudulent conduct as that alleged to have been committed by the Bank in this case and the prescribed criminal penalties are not the sole sanctions thereof. "It is the evil tendency of the prohibited acts at which the statute is aimed and its aid, in condemnation of them, and in preventing the consequences which the Act was designed to prevent, may be invoked. * * * It is the federal statute which condemns as unlawful respondent's acts. The extent and nature of the legal consequences of this con-

demnation though left by the statute to judicial determination, are nevertheless to be derived from it and the federal policy which it has adopted. * * * The judicial determination of the legal consequences which flow from acts condemned as unlawful * * * involves decision of a federal, not a state question." Deitrick v. Greaney, 309 U.S. 190, 198, 60 S.Ct. 480, 484, 84 L.Ed. 694. "Criminal penalties are no more the sole sanctions of the federal policy expressed in this Act than were the criminal penalties imposed on the agreement in the Deitrick case." D'Oench, Duhme & Co. v. F. D. I. C., 315 U.S. 447, 461, 62 S.Ct. 676, 681, 86 L.Ed. 477.

Upon the face of the complaint, treating the amendment tendered on January 6, 1945, as filed, as it should be, the plaintiff's claim meets the established jurisdictional test as applied in Tunstall v. Brotherhood, etc., 323 U.S. 210, 213, 65 S.Ct. 235, 237, in which the Court said: " * * * the right asserted by petitioner * * * is a federal right implied from the statute and the policy which it has adopted. It is the federal statute which condemns as unlawful the Brotherhood's conduct. 'The extent and nature of the legal consequences of this condemnation though left by the statute to judicial determination, are nevertheless to be derived from it and the federal policy which it has adopted.' * * * The case is therefore one arising under a law regulating commerce of which the federal courts are given jurisdiction by 28 U.S.C. § 41(8), 28 U.S.C.A. § 41(8), Judicial Code § 24(8); * * *."

Directly in point is Federal Savings & Loan Insurance Corporation v. Kearney Trust Company, 8 Cir., 151 F.2d 720, 721, 725, decided October 9, 1945. In that case, the Federal Savings & Loan Insurance Corporation (also the plaintiff here), as assignee of the Liberty Federal Savings & Loan Association of Liberty, Mo., the accounts of which were insured by the plaintiff, brought suit against Kearney Trust Company of Kearney, Mo., to recover the amount of certain checks drawn against funds of the Association deposited in the First National Bank which were alleged to have been wrongfully credited by the Kearney Trust Company to the President of the Association and paid out on his order for use in his personal business. The Court said: "This is a case arising under the laws of the United States" and in holding that, under the rule of Deitrick v.

Greaney, supra, the liability of the Trust Company involved decision of a Federal question and the rights of the parties were controlled by federal, not state, law, the Court observed: "If this were not true the consequences resulting from violations of the statutory prohibitions enacted by Congress for the protection of these national institutions would be subject to conflicting local laws unrelated to the uniform purpose of the Acts."

We are in accord.

The judgment of the District Court dismissing the case for want of jurisdiction is reversed and the case is remanded for proceedings consistent herewith.